FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 ADISTRICT OF MARYLAND

CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. L-10-0463 |
| ) | |
| TIMOTHY C. KANY, SR., ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Defendant, Timothy C. Kany, Sr., pled guilty pursuant to a written plea agreement to one count charging the Defendant with mail fraud;

WHEREAS, pursuant to his plea agreement, the Defendant agreed to forfeit to the United States at least $371,383.20, as property that constitutes and is derived from proceeds traceable to the scheme to defraud that the Defendant executed;

WHEREAS, the Defendant agreed to waive the provisions of the Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) with respect to notice in the Criminal Indictment that the government will seek forfeiture as part of any sentence in this case, and agreed that entry of this Order shall be made a part of the sentence in or out of the presence of the Defendant and be included in the judgment in this case without further Order of the Court; and

WHEREAS, on April 15, 2011, the court conducted a hearing pursuant to Rule 32.2(b)(1) and determined that the amount the Defendant is required to forfeit as the proceeds of his offense is **$371,383.20** ("the Subject Property");

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 3554, 28 U.S.C. § 2461(c), and Rules 32.2(a) and 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, the Attorney General (or a designee) is authorized to seize the Subject Property whether held by the Defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. To the extent that the Subject Property includes specific property and is not solely a judgment for a sum of money, the United States shall publish notice of the Order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. *See* Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing

without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Criminal. P. 32.2(e).

11. The Clerk of the Court shall forward four certified copies of this order to Assistant United States Attorney Sujit Raman, United States Attorney's Office, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201.

Date: April 15, 2011

The Hon. Benson E. Legg
United States District Judge

WE ASK FOR THIS:

Sujit Raman
Assistant United States Attorney

Date 4/15/2011

Timothy C. Kany, Sr.
Defendant

Date 4/15/11

Deborah L. Boardman, Esq.
Attorney for the Defendant

Date 4/15/11

-4-